Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **MIGUEL ÁNGEL FONTÁNEZ GARCÍA Y OTROS**<br><br>Parte Peticionaria<br><br>v.<br><br>**ELIACIN MOLINA NIEVES Y OTROS**<br><br>Parte Recurrida | KLCE202401333 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala **Humacao**<br><br>Caso Núm.:<br>**HU2023CV01093**<br><br>Sobre:<br>Cobro de Dinero, Enriquecimiento injusto, fraude y daños y perjuicios |

Panel integrado por su presidenta la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de marzo de 2025.

Comparece ante nos, Miguel A. Fontánez García y Andrea Suárez, en adelante, SBG Fontánez-García o peticionarios, solicitando que revisemos la *"Orden"* del Tribunal de Primera Instancia, Sala de Humacao, en adelante, TPI-Humacao, notificada el 30 de octubre de 2024. En la misma, el Foro Recurrido dio por admitido un requerimiento de admisiones.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso.

**I.**

El día 28 de julio de 2023, la SBG Fontánez-García, presentó una *"Demanda"* por cobro de dinero, entre otras causas de acción, contra Eliasin Molina Nieves, en adelante, Molina Nieves o recurrido, el 31 de julio de 2023.[1] Cumplido el término reglamentario para que Molina Nieves contestara la demanda sin a haberlo hecho, la SBG Fontánez-García presentó al Foro Primario una petición, para que

---

[1] Apéndice del recurso, pág. 1.

este anotara la Rebeldía de estos,[2] la cual fue concedida el 18 de septiembre de 2023. La parte recurrida impugnó ante este Foro la anotación de Rebeldía, y el 30 de abril de 2024, emitimos una *"Resolución"* revocando la misma, dejando sin efecto la anotación.[3]

Luego de varios trámites procesales, que no son necesarios reseñar, el 22 de septiembre de 2024, la SBG Fontánez-García envió a Molina Nieves el *"Primer Pliego de Interrogatorio y Requerimiento de Documentos"*.[4] Por su parte, el recurrido cursó su interrogatorio y requerimiento de admisiones a los peticionarios el 26 de septiembre de 2024.

Posteriormente, el 17 de octubre de 2024, la parte recurrida le solicitó al Foro Recurrido que diera por admitido el requerimiento de admisiones cursado a los peticionarios, por haber incumplido dentro del término reglamentario para ello.[5] Ese mismo día, la SBG Fontánez-García se opuso, alegando que nunca recibió el requerimiento.[6] Exponen los peticionarios en su recurso que, en efecto, cometió un error al calcular el término para contestar, y solicitó una prórroga del Foro Primario, a la cual se opuso el recurrido.[7] Sin embargo, no es hasta el 25 de octubre de 2024, que los peticionarios contestaron el requerimiento de admisiones.[8]

Así las cosas, el 1 de noviembre de 2024, el TPI-Humacao notificó una *"Orden"*, en la cual dio por admitido el requerimiento de admisiones presentado por Molina Nieves.[9] Insatisfecho con este resultado, la SBG Fontánez-García solicitó la reconsideración del Foro Recurrido, el 8 de noviembre de 2024.[10] Dos días más tarde, el recurrido se opuso a la reconsideración.[11] Finalmente, el 12 de

---

[2] SUMAC, Entrada Núm. 8.
[3] Apéndice del recurso, pág. 11. (KLCE202400275).
[4] *Id.*, pág. 20.
[5] SUMAC, Entrada Núm. 85.
[6] SUMAC, Entrada Núm. 86.
[7] Apéndice del recurso, pág. 83.
[8] SUMAC, Entrada Núm. 100.
[9] Apéndice del recurso, pág. 106.
[10] *Id.*, pág. 107.
[11] *Id.*, pág. 109.

noviembre de 2024 el TPI-Humacao declaró *"No Ha Lugar"* la solicitud de reconsideración.

Posteriormente, el 2 de diciembre de 2024, los peticionarios presentaron una *"Solicitud de Relevo de Orden, a Tenor con la Regla 49.2 de Procedimiento Civil"*.[12] Esta, luego de ser objetada por el recurrido, fue declarada *"No Ha Lugar"* por el TPI-Humacao el 6 de diciembre de 2024.[13]

Inconforme, el 10 de diciembre de 2024, la SBG Fontánez-García compareció ante nos mediante un recurso de *"Certiorari"*, haciendo los siguientes señalamientos de error:

> **PRIMER ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR A LOS PETICIONARIOS CONTESTAR UNOS PLIEGOS DE INTERROGATORIO Y REQUERIMIENTO DE DOCUMENTOS IMPROCEDENTES EN DERECHO, ONEROSOS, EXCESIVOS Y ABUSIVOS, CONSTITUYENDO SU PROCEDER EN UN ERROR CRASO Y MANIFIESTO EN LA APRECIACIÓN DE LA PRUEBA Y CONTRARIO A DERECHO.
>
> **SEGUNDO ERROR:** ERRÓ EL HONORABLE TRIBUNAL AL DECLARAR NO HA LUGAR EL RELEVO DE SU ORDEN SOBRE LA ADMISION DE UNOS REQUERIMIENTOS DE ADMISIONES, CON DEFECTOS INSUBSANABLES Y NULOS AB INITIO, MEDIANDO PERJUIICIO, PARCIALIDAD O ERROR MANIFIESTO EN SU PROCEDER Y CONTRARIO A DERECHO.
>
> **TERCER ERROR:** ERRÓ EL HONORABLE TRIBUNAL AL NO CONSIDERAR LA ENFERMEDAD DE LA REPRESENTANTE LEGAL DE LOS PETICIONARIOS, PARA SU TOMA DE DECISIONES EN CUANTO AL DESCUBRIMIENTO DE PRUEBAS, SEGÚN LE FUE INFORMADO REITERADAMENTE EN SUS MOCIONES, HECHO QUE LA OBLIGÓ A PUBLICAR AL TRIBUNAL Y A LAS PARTES, LA VERDAD DE SU CONDICIÓN, CONSTITUYENDO SU PROCEDER EN PERJUICIO, PARCIALIDAD O ERROR CRASO Y MANIFIESTO, ACCIÓN CONTRARIA AL DERECHO APLICABLE.

---

[12] Apéndice del recurso, pág. 144.
[13] SUMAC, Entrada Núm. 150.

Luego de recibir el escrito en oposición del recurrido, y varias mociones, prórrogas y términos para el recibo de la prueba oral – sin éxito – damos por perfeccionado el recurso ante nos, y procedemos a expresarnos.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
>  [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> > (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> >
> > (B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.
> >
> > (C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et at. v. Colegio et al.,* 241 DPR 871, 902-903 (2023); *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.,* 117 DPR 729,

745 (1986). Véase, además, *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

### III.

Los peticionarios recurren ante esta Curia, haciendo varios señalamientos de error. En esencia, arguye que el TPI-Humacao se equivocó al *dar por admitido el requerimiento de admisiones* cursado por el recurrido.

Luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar un recurso de *"Certiorari",* nos vemos impedidos de expedir el recurso. *La controversia planteada responde a un asunto interlocutorio.* Además, lo cierto es que no hemos identificado el alegado abuso de discreción con la orden recurrida.

Por último, según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra y los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, estamos impedidos de entrar en los méritos de la polémica ante nos, si no se demuestra fracaso irremediable de la justicia. Este Tribunal ha evaluado detenidamente el expediente y el tracto procesal del caso de epígrafe, y no encontramos razón en derecho que justifique nuestra intervención.

### IV.

Por los fundamentos que anteceden, *denegamos expedir el recurso solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones
